

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Colleen Elizabeth McGuinn*　　　　　　　　　　　　*Suite 400*　　　　　　　　　　*DIRECT: 410-209-4823*
*Assistant United States Attorney*　　　　　　　　　　*36 S. Charles Street*　　　　　*MAIN: 410-209-4800*
*Colleen.McGuinn@usdoj.gov*　　　　　　　　　　　　*Baltimore, MD 21201-3119*　　*FAX: 410-962-3091*

March 11, 2024

The Honorable Matthew J. Maddox
United States District Court
101 W. Lombard Street
Baltimore, MD  21201

> RE:　United States v. Lewis Ismael Blandon
> 　　　Criminal No. MJM-21-428
> 　　　FILED UNDER SEAL

Dear Judge Maddox:

　　　The sentencing hearing in the above-captioned matter is currently scheduled for March 25, 2024, at 10 a.m.  As calculated in the Presentence Investigation Report (PSR), ECF 46, the Defendant's adjusted offense level is 43, and his criminal history category is I, resulting in an advisory USSG range of 360 months.  Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration and a maximum sentence of thirty (30) years.  The Defendant objects to the guidelines enhancements in the PSR in paragraphs 64 and 81, which would result in a total offense level of 41, with a USSG range of 324 to 405 months.  The Government will address this issue below.

　　　The Government submitted victim impact statements for this case via email to the court and defense counsel on January 24, 2024 related to the "commercially available" child pornography in this matter (Counts 17 to 20, 24, 25 & 26).  In total, there are approximately 15 victim impact statements and additional statements written by the victims or the parents/caretakers of victims.  These children are articulate and heart-breaking in their telling of the underlying abuse that caused the images to be produced.  They describe the ongoing exploitation and victimization, and the resulting shame, that they experience each and every day when the Defendant and others choose to download, trade, receive and possess documentation of the worst moments of their young lives.

　　　The Government has also contacted the eight victims  (Counts 1 to 16) regarding their rights to submit victim impact statements.  To date, none have been received but the Government will submit those should they become available prior to the sentencing date.

The Government is seeking restitution totaling approximately $33,000 for the victims, and a separate motion for restitution will be filed. The Government is not seeking an additional special assessment of $5,000 under 18 U.S.C. § 3014(a) due to the Defendant's indigency and the large amount of restitution in this matter. The Government will file a Preliminary Order of Forfeiture as to the devices and electronics seized in this matter.

The Government recommends a sentence of 300 months to the Bureau of Prisons followed by a lifetime of supervised release, and a special assessment of $100. The Government is also seeking lifetime supervised release. It is sufficient, but not greater than necessary to comply with the factors outlined in 18 U.S.C. § 3553(a), some of which are discussed below.

A.  **SENTENCING GUIDELINES**

The Defendant objects to the imposition of the sentencing enhancements described in the PSR under paragraphs 64 and 81. Those enhancements are found in the USSG Manual:

2G2.2(b)(5)     If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels.

4B1.5(b)(1)     In any case in which the defendant's instant offense of conviction is a covered sex crime, neither 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be 5 plus the offense level determined under Chapters Two and Three.

The commentary below each of these sections provides guidance as to their applicability.

Under §2G2.2, Application Note 1, Definitions, states that a *"pattern of activity involving the sexual abuse or exploitation of a minor"* means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by a defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct. Here, the Defendant engaged in the sexual exploitation of Minor Victim One on two occasions (Counts 1 and 2), of Minor Victim Six (Count 3) and sexually abused Minor Victim 8. Therefore, this enhancement applies to the sentencing guidelines calculation.

Under §4B1.5, Application Note 2, Covered Sex Crime as Instant Offense of Conviction, states that the "instant offense of conviction must be a covered sex crime, i.e. (A) an offense, perpetrated against a minor, under… (ii) chapter 110 of such title. Here, the instant offense of conviction is Sexual Exploitation of a Minor, 18 U.S.C. § 2251(a), under Chapter 110. In relevant part, Application Note 4, Application of Subsection (b), (A) Definition, provides that "prohibited sexual conduct" means any of the following: (ii) the production of child pornography." Application Note 4 (B) defines "pattern of activity" essentially the same way as was as the application notes in §2G2.2: "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor," and the prohibited sexual conduct can be considered "without regard to whether the occasion occurred during the course of the instant

offense" or "resulted in conviction."  In this case, it is clear that the Defendant's instant offense of conviction is a covered sex crime, and he engaged in a pattern of prohibited sexual conduct.

In *United States v. Dowell*, 771 F.3d 162 (4th Cir. 2014), the defendant pled guilty to twelve counts of production of child pornography and other related charges.  The defendant argued that the PSR's recommendation to apply both USSG §§ 2G2.2(b)(5) and 4B1.5(b)(1) was double counting and therefore in error.  The Court held that while there was no question that the Guidelines provisions in question account for similar conduct, the application of both are not expressly prohibited by the Guidelines.  "Thus, the guidelines intend the cumulative application of these enhancements." *Id.* at 170, *quoting United States v. Schellenberger*, Fed.Appx. 830, 832 (4th Cir. 2007).   It is not a sufficient basis to support the position of impermissible double counting to argue that both provisions cover the same conduct. *See United States v. Hampton*, 628 F.3d 654 (4th Cir. 2010).

The two sentencing provisions, though similar, serve distinctly different goals.  Provision §2G2.2(b)(5) provides an enhancement for offense-specific conduct as it relates to certain child exploitation and pornography offenses.  Provision §4B1.5(b)(1), however, is located in Chapter Four of the Guidelines, covering "Career Offenders and Criminal Livelihood."  This placement is explained by the background commentary, which states that §4B1.5(b)(1) 'applied to offenders… who present a continuing danger to the public," and is derived from congressional directives "to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors." §4B1.5(b)(1) cmt. background.

The aims of these two similar but distinct provisions are clear:  to punish the Defendant for the specific characteristics of the offenses of conviction, and to enhance the period of incarceration because of the continuing danger to the public posed by the Defendant.  The application of both Guidelines sections does not constitute impermissible double counting. *See also*, *United States v. Seibert*, 971 F.3d 396 (3rd Cir. 2020) (imposition of both §§ 2G2.2(b)(5) and 4B1.5(b)(1) was not impermissible double counting); and *United States v. Cifeuntes-Lopez*, 40 F.4th 1215 (10th Cir. 2022) (The additive noun "plus" in the plain language of §4B1.5(b)(1) conveys that the guidelines intend the cumulative application of the enhancement).

B.      SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

1. <u>The Nature and Circumstances of the Offense/History Characteristics of the Defendant:</u>

The serious nature and circumstances of the offense, described above and more fully in the Statement of Fact, clearly calls out for a sanction sufficient to reflect the Defendant's conduct. 18 U.S.C. § 3553(a)(1).  The Defendant has a persistent sexual attraction to children.  His decision to seek out children, repeatedly and incessantly, knowing full well that his conduct was criminal, is disturbing.  His collection of commercially available child pornography is also evidence of this troubling attraction.  According to NCMEC, the Defendant possessed 157 identified known series of child pornography.

Minor Victim 8 was just twelve years old when the Defendant began grooming him and eventually sexually abusing him for several years. Minor Victim 8 recalled that the Defendant was ███████████████ and how, at the beginning, hanging out with the Defendant and playing video games together was something Minor Victim 8 enjoyed immensely. ███████████████████ The Defendant began by showing Minor Victim 8 pornography, normalizing sex into their interactions and visits. The Defendant began to masturbate in front of Minor Victim 8, encouraging Minor Victim 8 to do the same. And finally, the Defendant began touching Minor Victim 8, engaging in sex acts with him – the frequency was such that Minor Victim 8 knew that <u>anytime</u> he was going to be with the Defendant, Minor Victim 8 was expected to engage in sex acts with the Defendant. This occurred most often in the Defendant's home, ███████████████████████████████ it occurred even when Minor Victim 8 did not want to, but the Defendant cajoled and coerced him. Over a period of three years, from the time Minor Victim 8 was in middle school and into early high school, ███████████████████████████ Minor Victim 8's innocence was lost during those crucial years, and because of the understandable confusion and shame that this abuse created in Minor Victim 8, he was not able to disclose these events until the Defendant was arrested in this case. ███████████████████████████████████████████████████████████████████████████████

As to the remaining victims, the Defendant was well aware that the conduct he was engaging in was wrong, moreover that it was criminal. The Defendant did not care. This is illustrated during this portion of a chat between the Defendant (green) and Minor Victim 1 (blue):



From: JaggRock Bear-yland,USA Kyle
You're only 15 tho
Delivered: 7/11/2021 1:08:25 AM(UTC+0)
7/11/2021 1:08:25 AM(UTC+0)



From: ████████
Age is just a number 😊
Delivered: 7/11/2021 1:08:48 AM(UTC+0)
7/11/2021 1:08:48 AM(UTC+0)



The Defendant even went so far as to buy a cell phone so he could delete one of his online accounts after law enforcement executed a search warrant at his home on August 30, 2021. With that deletion, other victims and evidence of these crimes were lost.

The Defendant sought out these vulnerable teenaged boys; he did not join consenting adult male chatrooms and groups. The Defendant, using his Kik account, joined chat groups called "#boivid" and #gaysons4olders." The Defendant shared links to child pornography in a group chat, depicting prepubescent children being raped, ball gagged, and restrained. It is clear by the selection of commercial pornography the Defendant collected that he was interested in very young children as well as the teenagers he was able to communicate with through messaging apps.

The teenaged boys the Defendant sought out and exploited overlapped in time as he moved from one victim to the next. The Defendant told his victims what he wanted to see, requesting, and often demanding the nature of the content and that he only wanted video files. The Defendant expressed a desire to meet these boys, and in some cases the Defendant did meet and engage in sex acts with the boys he exploited on online. The following is an excerpt between the Defendant (green) and Minor Victim 7 (blue):



These are text messages the Defendant sent to Minor Victim 6:



  The Defendant sought out Minor Victim 2 and Minor Victim 3 in the same ways.  The Defendant and Minor Victim 2 met at the Defendant's house in order to engage in sex acts, and the Defendant drove to New Jersey to meet Minor Victim 3 and engage in sex acts.

  The lead investigator in this case could not track down all of the individuals who the Defendant was chatting with because there were just so many.  Each chat was with a person claiming to be under eighteen; each potential victim was scattered across the globe with limiting information to help law enforcement identify and recover each:  Australia, Ireland, South America, Estonia, Netherlands, United Kingdom, and Canada, with individuals purporting to be 14 to 17 years old.

       The Defendant, who was a middle school music teacher, has no criminal convictions for other offenses. However, the Defendant began exploiting children in 2002 when he started grooming ████████████ Minor Victim 8. While this is the Defendant's first conviction, it is clearly not the first time he has engaged in criminal conduct over the last twenty years.

2. <u>The Need for the Sentence Imposed:</u>

       The sentence imposed in this case needs to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). This is very serious conduct, especially when one considers abuse of trust of the family and Minor Victim 8 for three years, and the constant contact the Defendant made with vulnerable teenaged boys in order to selfishly fulfill his own needs. A sentence of 300 months will vindicate the interests of these victims.

       This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C). These factors are of heightened concern given the documented high recidivism rates of sex offenders in general and this sex offender in particular. There is a pressing need to protect the public from the Defendant. The Defendant must be incarcerated for a substantial period of time, so he is deterred from engaging in this activity. Ten years was not sufficient before. The maximum sentence is warranted in this very specific instance.

3. <u>The Kinds of Sentences Available:</u>

       The conviction for Sexual Exploitation of a Child in this case carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of thirty (30) years in prison. Clearly the factors listed in 3553(a) justify a sentence that is at or near the guideline range and certainly within the range of available penalties.

4. <u>The Need to Avoid Unwarranted Sentence Disparities:</u>

       The sentence imposed in this case should be consistent with alike cases among defendants with similar records. The Government submits that a 300-month sentence in this case would be consistent with other similar cases in the District of Maryland.

       In *United States v. Bilal Siddiqui*, CCB-19-322, the defendant used several online platforms over the span of eighteen months to entice at least seven victims to send him images and videos. There were no allegations of hands-on offenses. The Defendant was twenty-one years old at the time of the offense and received a sentence of 24 years.

       In *United States v. Angel Arroyo-Angelino*, JKB-20-176, the defendant, who was 34 years old, used social media to solicit six teenaged girls to send him explicit images while pretending to be a teenaged boy. There were no allegations of hands-on offenses. The defendant received a sentence of 18 years.

In *United States v. Kenneth Fischer*, RDB-18-100, the defendant was a public-school teacher who engaged in sexual online chat with an undercover officer pretending to be a fourteen-year-old boy. It was uncovered that the defendant a met with and engaged in sex acts with 7 teenaged males after initially engaging with them online and having them send explicit images to him. The defendant received a sentence of 22 years.

In *United States v. Keith Taylor,* DKC-18-279, the defendant, who was 33 years old, persuaded several teenaged boys to send him explicit images online. He also encouraged the abuse of a girl and had images of that abuse sent to him. The defendant received a sentence of 27 years.

For the reasons stated in this letter, the Government respectfully requests that the Court imposed a sentence of 300 months to the Bureau of Prisons, to be followed by lifetime supervised released, impose a $100 special assessment, address the $5,000 additional special assessment, and order restitution of approximately $33,000, as well as forfeiture.

Very truly yours,

Erek L. Barron
United States Attorney

_____
Colleen Elizabeth McGuinn
Assistant United States Attorney


CC:  Joseph Balter, Counsel to the Defendant
     Danielle Sanger, U.S. Probation Officer